| | |
|---|---|
| BLOOD HURST & O'REARDON, LLP<br>TIMOTHY G. BLOOD (149343)<br>LESLIE E. HURST (178432)<br>JENNIFER L. MACPHERSON (202021)<br>501 West Broadway, Suite 1490<br>San Diego, CA 92101<br>Tel: 619/338-1100<br>619/338-1101 (fax)<br>tblood@bholaw.com<br>lhurst@bholaw.com<br>jmacpherson@bholaw.com | FERRIS & BRITTON<br>A Professional Corporation<br>SCOTT H. TOOTHACRE (146530)<br>MICHAEL R. WEINSTEIN (106464)<br>501 West Broadway, Suite 1450<br>San Diego, CA 92101<br>Tel: 619/233-3131<br>619/232-9316 (fax)<br>stoothacre@ferrisbritton.com<br>mweinstein@ferrisbritton.com |

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE AUSTIN, an individual, and DANIEL L. VOEKS, JR., an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WESTERN CONCRETE PUMPING, INC., a California corporation, CHARLES REED, an individual, and BRETT REID, an individual,<br><br>    Defendants. | Case No. **'17CV2363 AJB MDD**<br><br>**CLASS ACTION**<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT FOR;<br>(1) FAILURE TO PAY OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT;<br>(2) FAILURE TO COMPLY WITH RECORD KEEPING REQUIREMENTS UNDER FAIR LABOR STANDARDS ACT;<br>(3) FAILURE TO PAY OVERTIME WAGES UNDER CALIFORNIA LAW;<br>(4) FAILURE TO PROVIDE MEAL PERIODS UNDER CALIFORNIA LAW;<br>(5) FAILURE TO PROVIDE REST PERIODS UNDER CALIFORNIA LAW;<br>(6) FAILURE TO PAY MINIUMUM WAGES UNDER CALIFORNIA LAW;<br>(7) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER CALIFORNIA LAW; AND<br>(8) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Mike Austin and Daniel L. Voeks, Jr. individually and on behalf of others similarly situated, upon personal knowledge of the facts pertaining to themselves and on information and belief as to all other matters, by and through their attorneys, bring this action against the defendants Western Concrete Pumping, Inc. ("Western Concrete"), Charles Reed, and Brett Reid, and allege as follows:

## NATURE OF THE ACTION

1. This is a hybrid collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA") for violation of federal law, and a class action under Federal Rule of Civil Procedure Rule 23 for violation of California law.

2. Defendants own and operate a concrete pumping business that operates in California, Arizona, Texas, Mississippi, and Louisiana.

3. Plaintiffs are non-exempt hourly paid employees most of whom operate the concrete pumps.

4. To avoid paying these employees their legally mandated wages, Defendants instituted a variety of illegal practices. Defendants underpaid certain employees for overtime work because Defendants did not calculate overtime pay using the weighted average rate, as required, and did not provide meal or rest breaks. With respect to employees paid for travel time, Defendants did not pay the minimum hourly wage. These violations and others are alleged more fully herein.

5. Defendants' employment practices violate the FLSA, the Code of Federal Regulations, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission ("IWC") Wage Orders, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200. Plaintiffs bring this complaint for recovery of wages, interest, penalties, and all other relief provided by law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§1331 and 1343(4) and the FLSA, 29 U.S.C. §§201, *et seq.* because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because these claims arise from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has jurisdiction over Defendants because they conduct substantial business in California and San Diego County. Defendants intentionally availed themselves of the laws and markets of California through the operation of their business in California and San Diego County. Defendant Western Concrete is headquartered in San Diego County. Defendant Brett Reid resides in California.

9. Venue is proper in the United States District Court, for the Southern District of California pursuant to 28 U.S.C. §§1391(b)(1) and (c), in that Defendants Western Concrete and Brett Reid reside in this district and because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

10. Plaintiff Michael Austin resides in San Diego County, California and was employed continuously by Defendants for approximately 15 years, ending in October 2017.

11. Plaintiff Daniel Voeks, Jr. resides in San Diego County, California and was employed continuously by Defendants for approximately 21 years, ending in June 2017.

12. Defendant Western Concrete Pumping, Inc. is a corporation organized under the laws of the State of California and has its principal place of business at 2181 La Mirada Drive, Vista, California 92081. Western Concrete operates a fleet of over 125 concrete pumps, ranging in size from 25 to 61 meters, and has employed approximately 250 employees in the states of California, Texas, Mississippi, Louisiana, and Arizona. Western Concrete engages in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. Western Concrete is an employer within the meaning of the FLSA and the California Labor Code.

13. The amount of qualifying annual volume of business of Western Concrete exceeds $500,000. Western Concrete has been and is engaged in interstate commerce as its handles goods that have been moved in interstate commerce. Western Concrete is therefore subject to the FLSA.

14. Defendant Charles "Chuck" Reed ("Chuck Reed") is a citizen of the state of Arkansas. Chuck Reed was and is the owner, officer, director, shareholder, and/or principal of Western Concrete.

15. Defendants Western Concrete and Chuck Reed jointly employed Plaintiffs and the other similarly situated workers. Chuck Reed had the power to hire and fire Plaintiffs and similarly situated workers, supervised and controlled their schedules, determined the rate and method of wages for Plaintiffs and similarly situated workers, and maintained employment records, and controlled Western Concrete's actual day-to-day operations and management.

16. Chuck Reed is an employer within the meaning of the FLSA and the California Labor Code. Chuck Reed has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA.

17. Defendant Brett Reid is a citizen of the state of California. Brett Reid was and is the owner, officer, director, shareholder, and/or principal of Western Concrete.

18. Defendants Western Concrete and Brett Reid jointly employed Plaintiffs and the other similarly situated workers. Brett Reid had the power to hire and fire Plaintiffs and similarly situated workers, supervised and controlled their schedules, determined the rate and method of wages for Plaintiffs and similarly situated workers, and maintained employment records, and controlled Western Concrete's actual day-to-day operations and management.

19. Brett Reid is an employer within the meaning of the FLSA and the California Labor Code. Brett Reid has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA.

## GENERAL ALLEGATIONS

20. Defendants own and operate over 125 concrete pumps that are used to pour the large amounts of concrete needed for high-rise buildings and other big or intricate projects. Defendants' concrete pumps range from 61 meter booms down to high-performance 1 inch and 3/8 inch rock trailer pumps. Defendants operate their business in California, Arizona, Texas, Mississippi, and Louisiana.

21. Plaintiffs and those similarly situated are all non-exempt employees paid hourly wages.

22. Defendants subjected these employees, including Plaintiffs, to a number of payment practices that willfully disregarded their compensation requirements.

23. As regards determination of overtime pay, Plaintiffs and others similarly situated were generally paid two or more hourly rates in a single work day. The different hourly rates could include a travel time rate, a straight hourly

rate, and a prevailing wage hourly rate. When calculating overtime pay for employees with multiple hourly rates, federal and California state law requires the overtime rate to be calculated using a weighted average rate. Defendants did not use the weighted average rate, but instead used a lower hourly rate, thereby underpaying Plaintiffs and others for their overtime pay.

24. Plaintiffs and other concrete pumpers did not receive rest breaks or meal periods despite regularly working shifts that required such breaks.

25. Defendants also paid Plaintiffs and others similarly situated for travel time at a rate below the California minimum wage, resulting in both wrongfully reduced hourly pay and reduced pay for overtime.

26. Defendants physically altered and systematically reduced the total number of hours worked as reported on Plaintiffs' and other employees' time cards in order to reduce the amounts Defendants paid these employees during each pay period and to deprive their employees of their rightfully owed wages, including overtime compensation. Defendants failed to provide adequate information on wage statements.

27. These practices of failing to pay wages and overtime and the other unlawful practices complained herein affected each Plaintiff and all those similarly situated during the relevant time period.

28. The decision by Defendants to improperly pay straight and overtime compensation to their employees was neither reasonable nor in good faith. Defendants committed the acts alleged in this complaint knowingly, intentionally, and willfully. Defendants are and have been aware of the requirement to pay Plaintiffs and those similarly situated for all hours worked, including overtime work, and to provide meal and rest breaks and the other practices complained of herein, yet purposefully chose not to do so. Defendants' actions in knowingly and intentionally: (a) allocating overtime hours to travel time first because travel time was paid at a much lower hourly rate; and (b) then

00128735
COLLECTIVE AND CLASS ACTION COMPLAINT

1  using that much lower travel time hourly rate as the basis for calculating the
2  overtime rate rather than using the required weighted average rate had a single
3  purpose—to minimize the overtime compensation paid to the detriment of the
4  Plaintiffs and all others similarly situated—and shows that such actions
5  constitute willful misconduct.

6  29. Plaintiffs and all others similarly situated are entitled to all remedies
7  provided by law including, without limitation, straight and overtime wages,
8  liquidated damages, penalties, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs seek to bring this suit as an "opt in" collective action pursuant to 29 U.S.C. §216(b) on their own behalf as well as those in the following "FLSA Group" defined as:

> All persons nationwide who were, are, or will be employed by Western Concrete to perform hourly, non-managerial work during the period commencing three years prior to the filing of this complaint and ending on the date as the Court shall determine.

31. This action meets all prerequisites for the maintenance of a collective action under the FLSA. Specifically:

(a) The persons who comprise the FLSA Group exceed 110 persons, and therefore are so numerous that joinder is impracticable and the disposition of their claims as a group will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, and injunctive relief issues that are raised in this complaint are common to the FLSA Group and will apply uniformly to every member of the collective action group;

(c) The claims of the representative Plaintiffs are typical of the claims of each member of the FLSA Group. Austin and Voeks, like all other members of the FLSA Group, were subjected to Defendants' illegal practices of failing to pay all required overtime wages and Defendants' failure to maintain proper payroll records. Plaintiffs sustained economic injury as a result of

Defendants' employment practices. Plaintiffs and the members of the collective action group were and are similarly or identically harmed by the same unlawful, unfair, and pervasive pattern of misconduct engaged in by Defendants; and

(d)   The representative Plaintiffs will fairly and adequately represent and protect the interest of the FLSA Group, and have retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiffs and the collective action group that make collective treatment inappropriate. Counsel for the respective collective action group will vigorously assert the claims of the entire group.

## RULE 23 CLASS ALLEGATIONS

32.   Plaintiffs seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and seek certification of a California class defined as:

> All Defendants' California employees who were, are, or will be employed by Western Concrete to perform hourly, non-managerial work during the period commencing four years prior to the filing of this complaint and ending on the date as the Court shall determine.

33.   Members of the California Class are so numerous (over 50 members) and geographically dispersed that joinder of all California Class members is impracticable.

34.   Common questions of law and fact exist as to all members of the California Class and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to:

(a)   Whether Defendants violated the statutorily required overtime rate for hours worked in excess of 8 hours per day and/or 40 hours per workweek as required by California Labor Code §§510 and 1194, and I.W.C. Wage Order No. 16, section 3;

(b)     Whether Defendants failed to provide meal and rest periods as required by California Labor Code §§226.7 and 512, and I.W.C. Wage Order No. 16, sections 10 and 11;

(c)     Whether Defendants violated minimum wage laws under California Labor Code §§1194, 1197, and 1197.1, and I.W.C. Wage Order No. 16, section 4;

(d)     Whether Defendants kept accurate records of hours worked by Class members, provided Class members with statutorily required pay notices, and complied with the other recordkeeping requirements under California Labor Code §§226 and 1174, and I.W.C. Wage Order No. 16, section 6;

(e)     Whether Defendants violated California Business and Professions Code §§17200, *et. seq.*;

(f)     Whether Defendants jointly employed Plaintiffs and the California Class members;

(g)     The proper measure of damages sustained by the California Class members; and

(h)     Whether California Class members are entitled to equitable relief.

35.     The claims asserted by Plaintiffs are typical of the claims of the members of the California Class because Plaintiffs' claims arise from the same course of conduct by Defendants, the causes of action alleged by Plaintiffs and the Class are the same, and the relief sought by Plaintiffs is the relief sought by the Class.

36.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the California Class. Plaintiffs retained counsel competent and experienced in both employment law and class litigation.

37. In addition to meeting the statutory prerequisites to a class action, this action is properly maintained as a class action pursuant to FRCP Rule 23, in that:

(a) Without class certification and determination of injunctive, statutory, and other legal questions within a class format, prosecution of separate actions by individual members of the Class will create the risk of inconsistent or varying adjudications with respect to individual members and will establish incompatible standards of conduct for Defendants;

(b) Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate classwide relief with respect to the Class as a whole;

(c) Common questions of law and fact exist as to the members of the Class, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members; and

(d) A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here. In addition, because Plaintiffs are no longer employed by Defendants, they will be able to represent Class members without fear of retaliation and harassment.

38. The Class is ascertainable. Defendants maintain records from which Class members can be identified.

# FIRST CAUSE OF ACTION

**On Behalf of All Plaintiffs and the FLSA Group Against All Defendants**

**(For Failure to Pay Overtime Wages)**
**(Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*)**

39. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

40. At all times relevant herein, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C.§203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the persons in the FLSA Group. At all relevant times, Defendants have gross operating revenues in excess of $500,000.00.

41. The FLSA requires Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

42. Throughout the period covered by the applicable statute of limitations, Plaintiffs and other persons in the FLSA Group were required to work and did in fact work in excess of 40 hours per workweek.

43. Defendants knowingly failed to pay Plaintiffs and the other persons in the FLSA Group for all hours worked and failed to pay the statutorily required overtime rate for all hours worked in excess of 40 hours per workweek in knowing violation of the Fair Labor Standards Act.

44. Defendants' conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

45. Plaintiffs, on behalf of themselves and the FLSA Group, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest, attorneys' fees and costs as allowed by law, pursuant to

29 U.S.C. §§216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**On Behalf of All Plaintiffs and the FLSA Group Against All Defendants**

**(For Failure to Comply with Notice and Record-Keeping Requirements)
(Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*)**

46.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

47.     Defendants violated the provisions of the FLSA and the regulations promulgated thereunder, as set forth in Title 29, Part 516 of the Code of Federal Regulations, by failing to make, keep and preserve adequate and accurate records of the persons in the FLSA Group and of their hours, regular hourly rates, wages, and other information required by the FLSA and 29 F.C.R. Part 516.  Defendants also violated these laws by physically altering and systematically reducing the total number of hours reported on Plaintiffs' and other FLSA Group members' time cards in order to reduce the amounts Defendants paid these employees and to deprive these employees of rightfully owed wages.

48.     Defendants failure to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment is a violation of the FLSA, 29 U.S.C. §§201, *et. seq.*

49.     Defendants' conduct has been willful and intentional and lasted for the duration of the relevant time period.

50.     As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiffs and FLSA Group members suffered actual damage and harm by being unable to determine their applicable hourly rate, the amount of overtime worked each pay period, and the rate used to calculate overtime, which

prevented them from becoming aware of these violations and asserting their protections under federal law.

### THIRD CAUSE OF ACTION

**On Behalf of All Plaintiffs and the California Class Against All Defendants**

**(For Failure to Pay Overtime Wages)**
**(Cal. Labor Code §510 and I.W.C. Wage Order No. 16)**

51. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

52. California Labor Code §510 and I.W.C. Wage Order No. 16, section 3, "Hours and Days of Work," entitle non-exempt employees to one and one-half times their regular rate for any and all hours worked in excess of 8 hours in any work day, for the first 8 hours worked on the seventh consecutive day of work in a workweek, and for any work in excess of 40 hours in any one workweek. Employees are entitled to two times their regular rate for any and all hours worked in excess of 12 hours in any work day and in excess of 8 hours on the seventh consecutive work day.

53. Plaintiffs and the California Class members regularly worked in excess of 8 hours per day and/or 40 hours per workweek without overtime compensation or without properly calculated overtime compensation.

54. By failing to pay overtime compensation at the legal rate, Defendants violated and continue to violate California Labor Code §510 and I.W.C. Wage Order No. 16.

55. Defendants' conduct was willful and lasted for the duration of the relevant time period.

56. As a result of Western Concrete's unlawful acts, Plaintiffs and the California Class members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts,

plus interest thereon, liquidated damages, applicable penalties, and attorneys' fees and costs, under California Labor Code §§1194 and 1194.2.

## FOURTH CAUSE OF ACTION

**On Behalf of All Plaintiffs and the California Class Against All Defendants**

**(For Failure to Provide Mandated Meal Periods)**
**(Cal. Labor Code §§226.7 and 512, and I.W.C. Wage Order No. 16)**

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

58. Under California law, Labor Code §§226.7 and 512, and I.W.C. Wage Order No. 16, section 10, employers must provide a 30-minute uninterrupted, off-duty meal period for each shift over five hours. Where a meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

59. Plaintiffs and other Class members regularly worked in excess of five hours and at times 10 hours a day. However, Defendants did not provide or make arrangements for meal periods. Plaintiffs and other Class members did not waive their right to meal periods.

60. Defendants' conduct was willful and lasted for the duration of the relevant time period.

61. Plaintiffs and members of the Class are entitled to recover one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, plus interest, applicable penalties, and attorneys' fees and costs.

///
///
///
///
///

## FIFTH CAUSE OF ACTION

**On Behalf of All Plaintiffs and the California Class Against All Defendants**

**(For Failure to Provide Mandated Rest Periods)**
**(Cal. Labor Code §226.7 and I.W.C. Wage Order No. 16)**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. Under California law, Labor Code §226.7 and I.W.C. Wage Order No. 16, section 11, employees are entitled to a paid 10-minute rest break for every four hour period worked, or significant portion thereof. During rest breaks, employers must relieve employees of all duties and relinquish control over how they spend their time. For each day adequate rest periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

64. Plaintiffs and other Class members regularly worked over four hours per day. However, Defendants did not provide or make arrangements for rest breaks.

65. Defendants' conduct was willful and lasted for the duration of the relevant time period.

66. Plaintiffs and members of the Class are entitled to recover one hour of additional pay at the regular rate of compensation for each work day that the proper rest breaks were not provided, plus interest, applicable penalties, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

**On Behalf of All Plaintiffs and the California Class Against All Defendants**

**(For Failure to Pay Minimum Wages)**
**(Cal. Labor Code §§1194, 1197, and 1197.1, and I.W.C. Wage Order No. 16)**

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. Under California law, Labor Code §§1194, 1197, 1197.1, and I.W.C. Wage Order No. 16, section 4, Plaintiffs and the Class members are entitled to payment at the minimum wage, at least, for all hours worked.

69. Defendants knowingly failed to pay Plaintiffs and the Class members minimum wage for hours worked traveling to work sites.

70. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

71. Plaintiffs and members of the Class are entitled to recover lost wages, interest, applicable penalties, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

**On Behalf of All Plaintiffs and the California Class Against All Defendants**

**(For Failure to Furnish Timely and Accurate Itemized Wage Statements)**
**(Cal. Labor Code §226)**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Under California law, Labor Code §226 and I.W.C. Wage Order No. 16, section 6, an employer is required to furnish its employees with an accurate itemized statement in writing showing, among other things: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee was paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.  Accurate wage statements ensure employees are able to determine whether or not they are being paid wages in accordance with California law.

74. Defendants did not provide Plaintiffs or California Class members with accurate itemized wage statements in violation of California law.

1 Defendants also violated these laws by physically altering and systematically
2 reducing the total number of hours reported on Plaintiffs' and other California
3 Class members' time cards in order to reduce the amounts Defendants paid these
4 employees and to deprive these employees of rightfully owed wages.

75. As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiffs and California Class members suffered actual damage and harm by being unable to determine their applicable hourly rate or the amount of overtime worked each pay period, which prevented them from becoming aware of these violations and asserting their protections under California law.

76. Defendants conduct was willful and lasted for the duration of the relevant time period.

77. Plaintiffs and the California Class members are entitled to injunctive relief and to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION

**On Behalf of All Plaintiffs and the California Class Against All Defendants**

**(For Unlawful and Unfair Business Practices Violations)**
**(Cal. Bus. & Prof. Code §§17200, *et. seq.*)**

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. California Business & Professions Code sections 17200, *et seq.* ("UCL"), among other things, prohibits business practices which are "unlawful" or "unfair."

80. Defendants conduct constitutes "unlawful" business practices within the meaning of the UCL in that their conduct violated federal and state labor laws and regulations, including the FLSA, 29 U.S.C. §§201, *et seq.*, 29 C.F.R. part

516, California Labor Code §§226, 226.7, 510, 512, 1194, 1197, 1197.1, and I.W.C. Wage Order No. 16, sections 3, 4, 6, 10, and 11. Defendants' conduct is ongoing and continues to this date.

81. Plaintiffs reserve the right to allege other violations of law, which constitute other unlawful business acts or practices under the UCL.

82. Defendants' conduct also constitutes "unfair" business acts and practices within the meaning of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

83. There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein.

84. Plaintiffs lost money or property as a result of Defendants' unlawful and unfair business practices.

85. Plaintiffs and members of the California Class are entitled to injunctive relief and restitution of all money acquired by Defendants by means of their unlawful and unfair business practices, and all other relief this Court deems appropriate and consistent with California Business & Professions Code §17203.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on their own behalf and on behalf of those similarly situated, pray for relief as follows:

1. For an order certifying the federal claims as a collective action;
2. For an order certifying the state law claims as a class action;
3. For consequential damages, including back-pay, according to proof;
4. For statutory damages and penalties;
5. For a declaration that Defendants violated the rights of Plaintiffs and those similarly situated under California and federal law;

6. For liquidated damages according to proof pursuant to the FLSA and California Labor Code;

7. For restitution to Plaintiffs and those similarly situated of all funds unlawfully acquired by Defendants by means of any acts or practices found by this Court to violate the UCL;

8. For an injunction to prohibit Defendants from engaging in the unlawful and/or unfair business practices complained of here;

9. For interest, including pre-judgment and post-judgment interest as permitted by law;

10. For liquidated and/or punitive damages for Defendants' willful misconduct;

11. For reasonable attorneys' fees, expenses and costs; and

12. For such other relief that the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs request a trial by jury.

Respectfully submitted,

Dated: November 21, 2017

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JENNIFER L. MACPHERSON (202021)

By:     *s/ Timothy G. Blood*
         TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jmacpherson@bholaw.com

FERRIS & BRITTON
A Professional Corporation
SCOTT H. TOOTHACRE (146530)
MICHAEL R. WEINSTEIN (106464)
501 West Broadway, Suite 1450
San Diego, CA 92101



Tel: 619/233-3131
619/232-9316 (fax)
stoothacre@ferrisbritton.com
mweinstein@ferrisbritton.com

*Attorneys for Plaintiffs*