UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE AUSTIN, an individual, on behalf of himself and all others similarly situated, and DANIEL L. VOEKS, JR., an individual, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiffs,<br>v.<br>WESTERN CONCRETE PUMPING, INC., a California corporation, CHARLES REED, an individual, and BRETT REID, an individual,<br><br>                                      Defendants. | Case No.: 17-cv-2363-AJB-MDD<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>(Doc. No. 21) |

      Plaintiffs request leave to file a second amended complaint. (*See generally* Doc. No. 21-1.) Explicitly, Plaintiffs seek to add a cause of action under the Private Attorney General Act ("PAGA"). (*Id*.) Defendants do not oppose the motion. (Doc. No. 23.) As will be explained in more detail below, the Court **GRANTS** Plaintiffs' motion for leave to amend.

## DISCUSSION

      Plaintiffs delineate several factors supporting their motion: (1) that Plaintiffs have followed PAGA's procedural requirements; (2) pursuant to the case management order

1

entered in this case, Plaintiffs could file a motion for leave to amend on or before May 12, 2018—Plaintiffs' motion was filed on May 11, 2018; (3) Defendants were provided the proposed amended complaint; and (4) Plaintiffs complied with Civil Local Rule 15.1(b). (Doc. No. 21-1 at 2.) On May 25, 2018, Defendants filed a statement of non-opposition to Plaintiffs' motion for leave to amend. (Doc. No. 23.)

Federal Rule of Civil Procedure 15(a) states that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Bowles*, 198 F.3d at 757–58; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). However, not all of these factors merit equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). It is the consideration of prejudice that carries the greatest weight. *Id*. Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. *Id*.

Here, as the motion is unopposed and was filed before the deadline set by the case management order, the opposing party will not be prejudiced. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a motion to amend was made more than four months after the cutoff date, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice . . . ."). Moreover, there is no evidence of bad faith and no reason to believe that the proposed amendment is futile. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Consequently, finding that none of the foregoing factors weighs against granting Plaintiffs leave to amend and most notably as Plaintiffs' motion is unopposed, the Court finds leave to amend appropriate. *See Gonzales v. F/V Daniela*, No. 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave to amend

was warranted in light of the defendants' non-opposition to the motion and the plaintiff's reasonable explanation for the requested amendment); *see also Garcia v. United States*, No. 14cv1192-WQH-JLB, 2015 WL 4491205, at *3 (S.D. Cal. July 22, 2015) (granting the plaintiff's motion for leave to file a fourth amended complaint after considering the motion and the defendants' non-opposition).

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' unopposed motion to file an amended complaint. Plaintiffs are to file their second amended complaint by **June 12, 2018**. Defendants will file a responsive pleading in accordance with the applicable rules.

**IT IS SO ORDERED**.

Dated: June 5, 2018

Hon. Anthony J. Battaglia
United States District Judge